UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-150-FDW

| CHARLES A. RIPPY-BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| STATE OF NORTH CAROLINA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on a review of Plaintiff's complaint against the Defendant State of North Carolina. For the reasons that follow, this action will be dismissed.

I.     BACKGROUND

According to the website of the North Carolina Department of Public Safety (DPS), Plaintiff is serving a life sentence of imprisonment following his conviction on a charge of first-degree sexual offense (principal) in Catawba County Superior Court on September 27, 1993. Plaintiff did not file a direct appeal from his conviction. Instead he waited several years following the entry of his criminal judgment to pursue habeas relief in this district. In a Section 2254 petition, filed on November 19, 2007, Plaintiff asserted claims that his plea of guilty to the sexual offense charge was not voluntary based, in part, on ineffective assistance of counsel, prosecutorial and judicial misconduct, and improper grand jury proceedings. In an Order filed December 4, 2007, the Honorable Graham C. Mullen found that Plaintiff's habeas proceeding was untimely and could not be saved by equitable tolling. Accordingly, the Court dismissed his petition and Plaintiff noted an appeal to the United States Court of Appeals for the Fourth

Circuit. See (5:07-cv-125-GCM, Doc. No. 2). On October 3, 2008, the Fourth Circuit dismissed his appeal in a per curiam decision. Rippy, Jr. v. Anderson, 295 F. App'x 591 (4th Cir. 2008) (unpublished).

Since the dismissal of his habeas proceeding, Plaintiff has filed four civil action in this district, notwithstanding the present case. Three of Plaintiff's cases were dismissed on grounds other than those specified under 28 U.S.C. § 1915A(b)(1) (failure to state a claim, or a frivolous or malicious action). See Case No. 1:08-cv-182-GCM (dismissal without prejudice for improper venue); Case No. 5:09-cv-52-GCM (dismissal as a successive habeas petition or, in the alternative as a rambling and incoherent civil action); and Case No. 1:12-cv-322-RJC (dismissing § 1983 complaint under the three-strikes rule). In Case No. 5:10-cv-19-GCM, the Court dismissed Plaintiff's complaint which alleged constitutional claims against state actors after finding that Plaintiff failed to state a claim for relief. Plaintiff did not appeal.

Plaintiff has had three (3) complaints dismissed as frivolous under 28 U.S.C. § 1915 in the Eastern District of North Carolina. In Case No. 5:09-ct-03149-BO, the Court dismissed Plaintiff's § 1983 complaint as frivolous under Section 1915. (Doc. No. 6). In Case No. 5:10-ct-03065-D, the Court dismissed Plaintiff's Section 1983 complaint as frivolous under Section 1915A. (Doc. No. 7). And in Case No. 5:11-ct-3011-FL, the Court determined that Plaintiff's complaint could not survive frivolity review under Section 1915, and it was dismissed. (Doc. No. 6). All three of these cases are final as Plaintiff did not appeal and the time for doing has expired.

## II.  DISCUSSION

It is clear from Plaintiff's pleading in the present case that he is seeking both monetary damages and he is challenging the legality of his confinement. Claims affecting the fact or

2

duration of confinement generally may not be litigated under Section 1983. See, e.g., Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court examined the overlap between a case filed pursuant to Section 1983 and a case filed pursuant to 28 U.S.C. § 2254. The Court found that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate release.

In Heck v. Humphrey, the Court considered the question of whether damages could be awarded in a Section 1983 action, and concluded that in order to recover damages for an allegedly unconstitutional sentence of imprisonment, a plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal; or (4) called into question by a federal court's issuance of a § 2254 writ. Id. at 486-87. The Court continued by noting that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82.

The Court finds that as Plaintiff seeks monetary damages for his continued confinement, it must be dismissed for the reasons stated above. And to the extent any of Plaintiff's present claims escape the foregoing authority, his claims must be dismissed under the provisions of the Prisoner Litigation Reform Act ("PLRA") because (1) Plaintiff has filed three Section 1983 complaints which have been dismissed under 28 U.S.C. § 1915A(b)(1) as frivolous; (2) the cases are final after Plaintiff failed to file a timely appeal; (3) Plaintiff filed to proceed *in forma pauperis* in each case; and (4) at all times during these proceedings Plaintiff was a prisoner of the State of North Carolina. The PLRA provides little discretion to the district courts to entertain a complaint from a prisoner with Plaintiff's filing history. The PLRA provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

Plaintiff can make no credible claim that he is under imminent risk of physical danger thus he has failed to demonstrate he is entitled to proceed with a claim for damages.

To the degree that Plaintiff is challenging his confinement through a petition for habeas corpus pursuant to § 2254, it would appear that this effort represents an unauthorized, successive petition. Rule 4 of the Rules Governing Section 2254 Cases directs habeas courts to promptly examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from an examination of any such petition and any attached exhibits that petitioner is not entitled to relief, the

---

[1] Plaintiff's labeling of his present complaint as one arising under the Federal Tort Claims Act does not permit him to escape the filing limitations of the PLRA.

reviewing court must dismiss the petition. Id. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As noted, Petitioner has previously filed at least one unsuccessful § 2254 petition in this district which was dismissed as untimely by Judge Mullen, and that determination was upheld by the Fourth Circuit. Plaintiff has provided no evidence that he has secured the necessary authorization to file a successive petition and any claims regarding his continued custody will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge